IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LEON IRBY,

                              Plaintiff,

            v.

PAUL SUMNICHT, BELINDA SCHRUBBE
and CYNTHIA THORPE,

                              Defendants.[1]

OPINION and ORDER

09-cv-136-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this prisoner civil rights case, plaintiff Leon Irby contends that defendant Paul Sumnicht, Belinda Schrubbe and Cynthia Thorpe violated his rights under the Eighth Amendment, the Americans with Disabilities Act and state law by failing to provide him a hearing aid for his right ear. The specific question is whether defendants violated plaintiff's rights by determining that a hearing aid for his *left* ear was sufficient to address his hearing problems. Defendant Sumnicht is the prison doctor who denied plaintiff's request for a second hearing aid; defendant Thorpe is an administrator who denied plaintiff's grievance

---

[1] In his complaint, plaintiff identified defendant Belinda Schrubbe as Belinda "Strubble." I have amended the caption to reflect the correct spelling as identified in defendants' summary judgment submissions.

1

regarding Sumnicht's decision; and defendant Schrubbe is the health services manager, who informed the grievance examiner about that decision.

Defendants' motion for summary judgment is now before the court. Because I conclude that plaintiff has failed to adduce sufficient evidence to allow a reasonable jury to find in his favor on his federal claims, I will grant defendants' motion for summary judgment on those claims. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). In accordance with 28 U.S.C. § 1367(c)(3), I decline to exercise supplemental jurisdiction over plaintiff's medical negligence claim against defendant Sumnicht.

OPINION

A. Eighth Amendment

Under the Eighth Amendment, the first question is whether plaintiff had a "serious medical need" for a second hearing aid. Johnson v. Snyder, 444 F.3d 579, 584-85 (7th Cir. 2006) (prison officials violate Eighth Amendment when they demonstrate deliberate indifference to serious medical need). Plaintiff could meet his burden by adducing evidence that the absence of a hearing aid in both ears caused him significant pain, Cooper v. Casey, 97 F.3d 914, 916-17 (7th Cir. 1996), substantially interfered with his daily activities, Gutierrz v. Peters, 111 F.3d 1364, 1373 (7th Cir. 1997), or otherwise subjected him to a substantial risk of serious harm. Farmer v. Brennan, 511 U.S. 825 (1994).

2

Plaintiff has failed to adduce evidence showing any of these things. Instead, he cites a document from 2004, in which a doctor from the University of Wisconsin hospital concluded after performing an audiogram that plaintiff suffered from "bilateral sensory neural hearing loss with asymmetric word discrimination, right slightly worse than left, with his word recognition 52% in the right ear and the left ear at 83%." The doctor observed that plaintiff had "5-10 decibels of deterioration in both ears" since 2001. (In his brief, plaintiff says that the audiogram showed "severe deteriorating hearing" loss in both ears, but the doctor does not characterize plaintiff's hearing this way.) Under the heading "Impression and Plan," the doctor wrote:

> This is a 57-year-old gentleman with sensory neural hearing loss with asymmetric word discrimination. We will refer him for an auditory brainstem response testing in the Audiology Clinic and request that his hearing aids be serviced. We will see him back with the results of his auditory brainstem response.

Dkt. #26, exh B.

Defendants argue that the 2004 audiogram is too old to be probative in assessing plaintiff's needs in 2008. However, even if I assume that plaintiff's hearing in his left ear was as bad or worse in 2008 as it was in 2004, nothing in the document from the UW clinic shows that plaintiff had a serious medical need for a hearing aid in his right ear. It is undisputed that plaintiff had a fully functional hearing aid in his left ear. The audiogram results do not show that plaintiff needed two hearing aids to perform his daily activities or

3

that the absence of two hearing aids caused plaintiff any health problems. Plaintiff cites his grievances, in which he complained that he was suffering from a host of symptoms. However, these grievances are not admissible evidence because they are not sworn. Collins v. Seeman, 462 F.3d 757, 760 n.1 (7th Cir. 2006). It is not even clear whether plaintiff is identifying in those grievances symptoms of not having two hearing aids or simply of hearing impairment generally. Dkt. #26, exh. E (alleging that "being hearing impaired has real life consequences" such as "mental confusion" and "psychological isolation").

In his affidavit, plaintiff lists a number of problems that he "continue[s] to suffer from" such as "dizziness," "disorientation" and limitations on his ability to "hold conversations." Plt.'s Aff. ¶ 20, dkt. #26. (In his response to defendants' proposed findings of fact, he changes the description of the last problem to being unable to "hav[e] normal conversations." Plt.'s Resp. to Dfts.' PFOF, ¶ 23, dkt. #25.) One potential problem with these averments is that plaintiff has not submitted any expert testimony to establish a causal connection between the lack of a second hearing aid and these problems. Pearson v. Ramos, 237 F.3d 881, 886 (7th Cir. 2001) (nonexpert may not testify regarding cause of medical condition). However, even if I assumed that plaintiff did not require expert testimony, these averments are too vague and conclusory to satisfy the requirement under Fed. R. Civ. P. 56 to set forth "specific facts" in opposition to a motion for summary judgment. Fed. R. Civ. P. 56(e)(2); Lujan v. National Wildlife Federation, 497 U.S. 871, 888-89 (1990). Because

4

plaintiff fails to provide *any* details regarding the nature and severity of these alleged problems, I cannot infer reasonably that they were serious enough to implicate the Eighth Amendment.

Perhaps it could be inferred even without expert testimony that it would improve plaintiff's hearing and his quality of life somewhat if he had hearing aids in both ears rather than just one. However, as courts have recognized, the Eighth Amendment does not require optimal treatment or comfortable conditions. Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Rather, the Eighth Amendment prohibits "extreme deprivations" only. Hudson v. McMillian, 503 U.S. 1, 8-9 (1992). Under that demanding standard, I conclude that defendants' motion for summary judgment must be granted with respect to plaintiff's Eighth Amendment claim.

### B. Americans with Disabilities Act

Plaintiff contends that defendants violated the Americans with Disabilities Act by failing to provide him with hearing aids for both ears. Title II of the ADA requires public entities, including prisons, to provide reasonable accommodations to disabled persons so that they may participate in "services, programs or activities of" that public entity. 42 U.S.C. § 12132; Pennsylvania Department of Corrections v. Yeskey, 524 U.S. 206, 210 (1998). Defendants argue that plaintiff's complaint fails to identify a service, program or activity for

5

which he was denied an accommodation. I agree.

In the screening order, I noted that television was the only possible program, service or activity that plaintiff had identified in his complaint. Compare Chisolm v. McManimon, 275 F.3d 315, 330 (3d Cir. 2001) (assuming that prison television was covered by Title II), with Aswegan v. Bruhl, 113 F.3d 109, 110 (8th Cir. 1997) (concluding without explanation that "cable television sought by [a prisoner] is not a public service, program, or activity within the contemplation of the ADA"). I instructed plaintiff to file a supplement to his complaint if he believed that he was being denied access to other programs, services or activities. Irby v. Sumincht, 2009 WL 803307, *3, dkt. #3, at 6.

It is now undisputed that plaintiff's prison does not provide television to *any* prisoners in plaintiff's unit at the Waupun Correctional Institution, either in a communal area or in the prisoners' cells. Plt.'s Resp. to Dfts.' PFOF ¶¶ 44, 46, dkt. #25. Although plaintiff has a television in his cell, he obtained it without assistance from the prison. Id. at ¶¶ 45, 46.

Title II of the ADA is limited to programs, services and activities "of" the public entity. Thus, if the entity does not provide the program, service or activity as a general matter, then the entity has no duty under Title II to provide an accommodation for disabled persons. This makes sense because the goal of the ADA is to provide *equal* access to individuals with disabilities to opportunities and benefits, not to provide privileges withheld

6

from everyone else. EEOC v. Humiston-Keeling, Inc., 227 F.3d 1024, 1028 (7th Cir. 2000) ("[T]he Americans with Disabilities Act is not a mandatory preference act.").

In his brief, plaintiff argues that his complaint identified "holding conversations" as a "major life activity," but that is a different issue. Defendants do not deny that plaintiff is disabled under the ADA, which means that they agree for the purpose of summary judgment that he has a "physical or mental impairment that substantially limits one or more of the major life activities." 42 U.S.C. § 12102(2)(A). Thus, speaking may be a major life activity, but that does *not* mean it is a "program, service or activity" of the prison. I addressed this issue in the screening order: "Although an ability to engage in meaningful conversation may be necessary to participate in a number of programs, activities or services, 'conversation' is not covered in and of itself because it is not something created or provided by the prison." Irby, 2009 WL 803037, at *3; dkt. 3, at 6. In any event, even if conversations were covered by the ADA, that claim would fail for the same reason that it did with respect to his Eighth Amendment claim: plaintiff fails to explain *how* his ability to have conversations is inhibited.

Plaintiff identifies other possible services in his brief, such as announcements over the prison intercom, but those issues are beyond the scope of this lawsuit because plaintiff did not include them in his complaint. Grayson v. O'Neill, 308 F.3d 808, 817 (7th Cir. 2002) (plaintiff may not amend complaint through brief in opposition to summary judgment motion). Accordingly, defendants' motion for summary judgment must be granted with

7

respect to plaintiff's ADA claim.

### C. State Law

This leaves plaintiff's medical negligence claim under state law. When all the federal claims in a case have been dismissed, the general rule is that a district court should decline to exercise jurisdiction over any remaining state law claims under 28 U.S.C. § 1367(c)(3). Redwood v. Dobson, 476 F.3d 462, 467 (7th Cir. 2007). Sometimes it is appropriate to make an exception to that general rule when "the resolution of [the] state law claims [is] clear." Groce v. Eli Lilly & Co., 193 F.3d 496, 501 (7th Cir. 1999). Because defendants Thorpe and Schrubbe did not provide direct care to plaintiff, I conclude that it is appropriate to enter summary judgment in their favor. (In any event, it may be that plaintiff does not intend to bring this claim against Schrubbe and Thorpe because he says nothing in his brief about these defendants with respect to this claim.) However, I cannot conclude that plaintiff's negligence claim against defendant Sumnicht is that cut and dried.

As discussed above, plaintiff has adduced evidence that a doctor determined in 2004 that hearing in both of his ears was not only poor, but getting worse. Further, up until 2008, plaintiff had a hearing aid for both ears. However, when plaintiff complained that his hearing aid for his right ear was not functioning properly, defendant Sumnicht's response was not to replace the hearing aid, but simply to conclude that plaintiff needed only one

8

hearing aid. Neither Sumnicht's affidavit nor the progress notes he cites show the reasoning behind this decision. According to plaintiff, Sumnicht simply told him that there was a "policy" of providing only one hearing aid, which could support an argument that Sumnicht was not exercising medical judgment and not acting in accordance with the standard of care.

The negligence standard is significantly easier to satisfy than the Eighth Amendment, Norfleet v. Webster, 439 F.3d 392, 396 (7th Cir. 2006), and negligence is not limited to extreme deprivations, so plaintiff's failure to succeed on his Eighth Amendment claim does not necessarily doom his claim for negligence. Although I give no opinion on the likelihood that plaintiff could succeed on a medical negligence claim, I conclude that it would be inappropriate to resolve it in this court in light of § 1367(c)(3).


ORDER

IT IS ORDERED that

1. The motion for summary judgment filed by defendants Paul Sumnicht, Belinda Schrubbe and Cynthia Thorpe, dkt. #11, is GRANTED with respect to plaintiff Leon Irby's claims under the Eighth Amendment and the Americans with Disabilities Act and his medical negligence claim against defendants Schrubbe and Thorpe.

2. Defendants' motion is DENIED with respect to plaintiff's medical negligence claim against defendant Sumnicht because I decline to exercise supplemental jurisdiction

9

over that claim in accordance with 28 U.S.C. § 1367(c)(3). That claim is DISMISSED WITHOUT PREJUDICE to plaintiff's refiling it in state court.

3. The clerk of court is directed to enter judgment accordingly and close this case.

Entered this 5th day of February, 2010.

                BY THE COURT:

                /s/

                _____
                BARBARA B. CRABB
                District Judge