IN THE UNITED STATES DISTvvRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LEON IRBY,

                                   ORDER

            Plaintiff,

                                  09-cv-136-bbc

    v.

PAUL SUMNICHT, BELINDA SCHRUBBE
and CYNTHIA THORPE,

           Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Leon Irby has filed a motion under Fed. R. Civ. P. 60(b) for relief from the judgment in this case. Dkt. #43. Judgment was entered on February 9, 2010, after I granted defendants' motion for summary judgment with respect to plaintiff's federal claims and declined to exercise supplemental jurisdiction over a state law claim. Dkts. ##38 and 39. Plaintiff argues that the case should be reopened on account of "newly discovered evidence." In addition, he has filed a motion in which he asks the court to take judicial notice of several submissions in a case he filed in the Eastern District of Wisconsin. Dkt. #44. Although the second motion is difficult to follow, plaintiff seems to believe that documents in the other case support a view that defendants have a pattern of hiding relevant

1

information.

Because the result of the summary judgment order would not change even if I considered plaintiff's "new evidence," plaintiff's Rule 60 motion will be denied. Plaintiff's second motion will be denied as moot.

In the summary judgment order, I concluded that plaintiff had failed to adduce sufficient evidence to allow a reasonable jury to find that defendants had violated his rights under the Eighth Amendment and the Americans with Disabilities Act by providing him a hearing aid for only one ear, instead of both ears. Plaintiff's Eighth Amendment claim failed because he had not adduced any evidence that he had a "serious medical need" for a hearing aid in both ears. Johnson v. Snyder, 444 F.3d 579, 584-85 (7th Cir. 2006) (prison officials violate Eighth Amendment when they demonstrate deliberate indifference to serious medical need). Plaintiff's ADA claim failed because he did not identify a "program, service or activity" of the prison for which he needed a second hearing aid. 42 U.S.C. § 12132 ("[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.")

In his motion, plaintiff says that he has discovered evidence showing that defendants did not exercise appropriate medical judgment in denying his request for a second hearing aid. Instead, they simply relied on "a policy" of providing one hearing aid only, regardless

2

of the circumstances.  Even if I assume that plaintiff's evidence shows what he says it does, it does not provide a basis for vacating the judgment.

I did not grant defendants' motion for summary judgment because I concluded that defendants had provided a persuasive medical justification for denying plaintiff's request. In fact, I noted that defendants had failed to "show the reasoning behind th[e] decision. According to plaintiff, [defendant] Sumnicht simply told him that there was a 'policy' of providing only one hearing aid, which could support an argument that Sumnicht was not exercising medical judgment and not acting in accordance with the standard of care." Irby v. Sumnicht, 683 F. Supp. 2d 913, 917-18 (W.D. Wis. 2010).  However, it was plaintiff's burden to show that he needed the second hearing aid, whatever reasons defendants had for their policy, and he failed to meet this burden.  Because plaintiff's new evidence does not address that issue, it does not provide grounds for granting relief from the judgment.

With respect to plaintiff's second motion, plaintiff seems to believe that filings in another case of his provide evidence that defendants purposely withheld the real reason they denied his request for a hearing aid.  However, because I have concluded that plaintiff is not entitled to relief from the judgment regardless the reason for the decision, there is no need to take judicial notice of those filings.

3

ORDER

IT IS ORDERED that plaintiff Leon Irby's motion for relief from judgment under Rule 60, dkt. #43, and his motion "to take judicial notice of separate case lawsuit," dkt. #44, are DENIED.

Entered this 8th day of July, 2010.

> BY THE COURT:
> /s/
> BARBARA B. CRABB
> District Judge